UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

IN RE:

BRENT SCOTT COLLINS                                                                                          CASE NO. 12-21540
DONNA DIANE COLLINS

DEBTORS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Debtors' Motion to Redeem Property ("Redemption Motion") [Doc. 24], and Branch Banking & Trust Co. ("BB&T") and the Trustee's objections thereto [Doc. 26, 29] as well as BB&T's Amended Motion to Terminate Automatic Stay and for Abandonment of Property [Doc. 28] ("Stay Relief Motion") and the Trustee's objection thereto [Doc. 30]. As more specifically set forth below, the Debtors having failed to timely perform their stated intention and the Trustee having failed to request a determination that the vehicle at issue remain property of the estate, the Court finds the automatic stay has terminated by operation of law and the vehicle is deemed abandoned; however, this conclusion does not terminate the Debtors' right to redeem the vehicle.

### Factual and Procedural Background.

The relevant facts are not in dispute. The Debtors filed a voluntary Chapter 7 petition on August 14, 2012. Their Statement of Intention set forth their intent to reaffirm a debt with BB&T secured by a 2009 Chevrolet Malibu. Debtors did not claim an exemption in the vehicle.

The Meeting of Creditors was set for and held thirty days later on September 14, 2012. At the Meeting of Creditors, the Trustee reviewed the title to the 2009 Chevrolet Malibu, and concluded that BB&T's lien was avoidable because he believes it was filed in an incorrect county. Based on this conclusion, the Trustee filed a "Notice of Sufficient Assets" on September 16, 2012 to alert creditors that they must file a claim to share in any distribution from the estate.

He also filed an Application to Employ Counsel ("Application") on September 19, 2012 to retain an attorney for the purpose of "filing a lien avoidance action." [Doc. 19]. Neither the Notice of Assets nor the Application to Employ Counsel identify the lien which the Trustee proposes to avoid. To date, no adversary proceeding has been initiated to avoid a lien.

BB&T filed a secured claim on September 21, 2012 in the amount of $14,173.45 secured by the 2009 Chevrolet Malibu.

Debtors filed the Redemption Motion on October 31, 2012, 47 days after the Meeting of Creditors, seeking to redeem the 2009 Chevrolet Malibu for the sum of $7,500.00. BB&T objects to the Redemption Motion arguing that: (1) the sum of $7,500.00 is not the appropriate amount; and (2) the proposed redemption is untimely; thus, the automatic stay has terminated and the vehicle is no longer property of the estate.

BB&T argues in its Stay Relief Motion that: (1) Debtors have failed to adequately protect its interest in the vehicle by failing to make payments; (2) Debtors have not reaffirmed the debt as originally indicated in their Statement of Intention; (3) the vehicle is of inconsequential value to the estate, and should be abandoned; and (4) the automatic stay has terminated, and the vehicle is no longer property of the estate.

The Trustee objects to the Redemption Motion to the limited extent that he wants to hold any payments made on the Redemption Motion, pending further orders of the Court in an adversary proceeding to avoid BB&T's lien. Similarly, the Trustee objects to the Stay Relief Motion because he intends to file an adversary proceeding contesting the validity of the perfected security interest asserted by BB&T.

Following a hearing held on December 11, 2012 and the filing of post-hearing memoranda, the matter was submitted and is ripe for decision.

### Analysis

This Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A),(G). Venue is proper pursuant to 28 U.S.C. § 1409.

2

Section 521(a)(2) provides:

> If an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate –
>
> (A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property; and
>
> (B) within 30 days after the first date set for the meeting of creditors under section 341(a) or within such additional time as the court, for cause, within such 30-day period fixes, perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph;
>
> except that nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, except as provided in section 362(h);

11 U.S.C. § 521(a)(2). Here, there is no question that the Debtors timely complied with subsection (A) by filing their Statement of Intention on the petition date indicating their intent to reaffirm with respect to the vehicle. Subsection (B) required the Debtors to "perform" their stated intention within 30 days of the meeting of creditors or on or before October 14, 2012.

The consequences of a Debtor's failure to comply with this section is "as provided in section 362(h)." Section 362(h)(1) generally provides that if a Debtor fails to timely perform his/her stated intention, then the automatic stay as to the subject property is terminated and the property is no longer property of the estate:

> (h)(1) In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2) –
>
> > (A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either

3

>>redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable; and
>
>>(B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.

11 U.S.C. § 362(h)(1).  Subsection (h)(2) provides an exception:

> (2) Paragraph (1) does not apply if the court determines, on the motion of the trustee filed before the expiration of the applicable time set by section 521(a)(2), after notice and a hearing, that such personal property is of consequential value or benefit to the estate, and orders appropriate adequate protection of the creditor's interest, and orders the debtor to deliver any collateral in the debtor's possession to the trustee.  If the court does not so determine, the stay provided by subsection (a) shall terminate upon the conclusion of the hearing on the motion.

11 U.S.C. § 362(h)(2).

The Debtors did not file their Redemption Motion until 47 days after the meeting of creditors.  As a result, BB&T argues that the automatic stay has been terminated, and the vehicle is no longer property of the estate by operation of Section 362(h)(1).  The Trustee responds that his actions in filing both the Notice of Sufficient Assets and the Application to Employ Counsel are sufficient to find that the vehicle remains property of the estate subject to the section 362 stay.  The Court disagrees.  As reviewed above, Section 362(h)(2) clearly sets out the procedure that a Trustee must follow to escape the removal of property from the estate.  Neither the Notice nor the Application to Employ give notice of or request the required court determinations to either retain the vehicle as property of the estate or keep the automatic stay in effect.  See e.g., In re Squires, 342 B.R. 644 (Bankr. M.D. Fla. 2006).  The Court finds that the stay with respect to the vehicle has terminated by operation of law and the vehicle is no longer property of the estate.

BB&T makes additional arguments pursuant to Section 521(a)(6) which may be read to

4

afford a Debtor 45 days (instead of 30) to perform a stated intention in certain circumstances. It is unnecessary to analyze the effect of this section and its potential conflicts with Section 521(a)(2) because the Debtors' Motion to Redeem was filed outside of the 45 day period as well. 11 U.S.C. §521(a)(6); see generally In re Alverez, 2012 WL 441257 *5-7, (Bankr. N.D. Ill. Feb. 10, 2012) (discussing generally the different interpretations of Section 521(a)(6)).

Debtors further argue that neither their failure to timely perform their stated intention nor any stay termination extinguishes their right to redeem the vehicle citing In re: Alverez, 2012 WL 441257 at *7. The Court agrees. Nothing in the Code terminates a debtor's right to redeem under Section 722 upon his/her failure to timely perform an intention under Section 521. See generally In re: Herrera, 454 B.R. 559, 564-565 (Bankr. E.D.N.Y. 2011) (the termination of a debtor's right to redeem is governed by applicable state law).

Finally, nothing in this opinion adjudicates whether the Trustee may bring an avoidance action against BB&T. This issue is not before the Court. The foregoing constitutes the Court's findings of fact and conclusions of law.

IT IS HEREBY ORDERED that BB&T's Stay Relief Motion is GRANTED; and,

IT IS FURTHER ORDERED that Debtors' Redemption Motion [Doc. 24] is continued on the objection of BB&T as to the redemption value of the vehicle. The valuation hearing will be set by separate order.

COPIES TO:

Debtors
L. Craig Kendrick, Esq.
Anthony G. Raluy, Esq.
Michael L. Baker, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Wednesday, February 27, 2013
(tnw)**